UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

| | |
|---|---|
| Jonathan Smith,<br><br>        Plaintiff,<br><br>   v.<br><br>MV Realty PBC LLC.<br><br>        Defendant. | Case No.:<br><br>CLASS ACTION COMPLAINT<br><br>Jury Trial Demanded |

# CLASS ACTION COMPLAINT

## INTRODUCTION

1. Like most Americans, Jonathan Smith, ("Smith") has a mobile residential telephone.

2. Being mobile, Smith takes his phone everywhere. Smith uses his phone to receive and make important calls, get emergency information and to family members and friends. Smith uses his phone in his home and for his personal enjoyment.

3. But Smith's home, phone, and privacy have been invaded by spam calls and pre-recorded voice messages from MV Realty PBC LLC ("MV Realty").

4. Smith has no relationship with MV Realty, has no account with MV Realty, has never provided any phone number to MV Realty, and has never agreed for MV Realty to send any type of communication.

5. Smith has tried to eliminate the harassment and invasion of privacy from unauthorized calls and text messages by registering his phone number on the National Do Not Call Registry ("DNCR"), but even that did not work.

6. MV Realty simply blasts calls without caring if consent was obtained or if the recipient was on the DNCR.

7. "Robocalls and robotexts are nuisances. Congress banned them in the Telephone Consumer Protection Act of 1991 ('TCPA'). But as every American knows, there are companies—like the defendant in this case—who refuse to get that message while collectively sending millions of others." *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 688 (5th Cir. 2021).

8. Smith brings this action for himself and for other similarly situated people to enjoin these abusive practices and for damages.

## JURISDICTION AND VENUE

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA. 47 U.S.C § 227.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this district.

11. This Court has supplemental jurisdiction over the state claims under 28 U.S.C § 1367.

## PARTIES

12. Plaintiff Jonathan Smith is a resident of Ft. Pierce, Florida.

13. Defendant MV Realty is a Limited Liability Company with its principal place of business in Delray Beach, Florida.

## FACTUAL ALLEGATIONS

14. Smith's home, phone, and privacy have been invaded by the non-emergency calls from MV Realty.

15. Smith is the residential subscriber of the cell phone number 772-370-6848. Smith uses this number for personal use.

16. Smith uses this phone number at home. Smith makes and takes all his personal calls on this phone number.

17. Smith registered 772-370-6848 on the DNCR to stop telephone solicitations on December 21, 2004.

18. MV Realty has knowingly and willfully called Smith at least (8) eight times. Among these calls include pre-recorded messages left for him on at least seven instances.

19. Among these pre-recorded messages were the following transcribed voicemail messages from MV Realty:

>**Voice Mail Message left on 8.16.2022 at 3:59 p.m. UTC from #18449272197, to #17723706838:**
>Hello homeowner, you indicated online that you're interested in how to get up to $5000 that you never have to pay back. No credit check is needed and money can be sent within 24 hours. If you're a home owner this program may be for you. To learn more press one. If you'd like to stop receiving these calls press 9.
>
>**Voice Mail Message left on 8.22.2022 at 2:31 p.m. UTC from #18337151534, to #17723706838:**
>Hi, this is Amanda, you indicated online that you're interested in how to get up to $5000. The homeowner benefit program is for homeowners, and we give you cash that you never have to pay back. If you are a homeowner, this program may be for you. To learn more press one. If you'd like to stop receiving these calls, press 9.
>
>**Voice Mail Message left on 8.23.2022 at 5:07 p.m. UTC from #18445280590, to #17723706838:**
>Hi, this is Amanda, you indicated online that you're interested in how to get up to $5000. The homeowner benefit program is for homeowners, and we give you cash that you never have to pay back. If you are a homeowner, this program may be for you. To learn more press one. If you'd like to stop receiving these calls, press 9.

20. Counsel for Plaintiff has other clients who have received the exact same voicemail recording.

21. MV Realty initiated these calls for the purpose of encouraging the purchase of the company's "Homeowner's Benefit Program," a program that pays upfront cash in exchange for the homeowner's commitment to use MV Realty's real estate services when the homeowner sells their home in the future. Thus, the calls promoted and offered for sale MV Realty's real estate services.

22. The caller did not disclose the name of the entity in the message left whose goods and services were being promoted while using a pre-recorded voice recording as a message to Smith. By calling the number back, the call connected to MV Realty. Also, Smith answered a couple of the calls and they said they were MV Realty.

23. Smith never provided his phone number to MV Realty, never had a relationship with MV Realty, and never gave permission for MV Realty to send any type of communication.

24. Smith has attempted to opt out directly with MV Realty, yet MV Realty still calls his number leaving him the same types of pre-recorded calls.

25. On information and belief, MV Realty initiates and makes tens of thousands of similar calls leaving similar messages to thousands of people.

26. The unwanted spam is incredibly annoying, distracting, and frustrating to Smith and the class members. Spam invades their substantive right to privacy, namely the right to be free from unsolicited calls and annoying voicemail messages. The spam causes Smith and class members to avoid looking at their phones when it may be important or interrupting other activities to respond to unwanted calls and messages. The spam reduces their phones' storage and battery life. In short, spam invades their privacy, diminishes the value of their phones and

their enjoyment of life, and causes a nuisance, an annoyance, and an intrusion into their seclusion.

27.     By initiating calls to Smith, MV Realty has harmed Smith and the class members in the exact way Congress sought to protect in enacting the TCPA.

## LEGAL STANDARD

28.     **National Do Not Call Registry**. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the national DNCR. 47 C.F.R. § 64.1200(c)(2). The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). Wireless telephone subscribers are allowed to place their numbers on the DNCR. 47 C.F.R. § 64.1200(e).

29.     **Prerecorded Voice**. The TCPA prohibits calls to cell phones using a prerecorded voice except for "emergency purposes" or with the "prior express consent" of the called party. 47 C.F.R. § 64.1200(a)(1). Calls that introduce an advertisement or constitute telemarketing require "prior express written consent." 47 C.F.R. § 64.1200(a)(2).

30.     **Failure to Identify the Caller**. The TCPA prohibits callers from telemarketing to a residential telephone subscriber without disclosing the name of

the individual caller and the name of the person or entity on whose behalf the call is being made. 47 C.F.R. § 64.1200(d)(4).

31. **Florida Do Not Call Registry**. Any residential, mobile, or telephonic paging device subscriber can notify the Florida Department of Agriculture and Consumer Services of "his or her desire to be placed on a "no sales solicitation calls" listing indicating that the subscriber does not wish to receive unsolicited telephonic sales calls." Florida Statues § 501.059(3)(a). No person or business shall make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number in the number for that telephone appears in the then-current quarterly listing published by the Florida Department of Agriculture and Consumer Services. Florida Statues § 501.059(4). If the Federal Trade Commission, pursuant to 15 U.S.C. s. 6102(a), establishes a national database that lists the telephone numbers of subscribers who object to receiving telephone solicitations, the department shall include those listings from the national database which relate to Florida in the listing established under this section. Florida Statue § 501.059(3)(d).

## CLASS ACTION ALLEGATIONS

32. Pursuant to Civ. R. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Smith brings this action on behalf of Smith and the following Classes of persons similarly situated in order to remedy the ongoing unlawful practices

alleged herein and to seek redress on behalf of all those persons who have been harmed thereby, including injunctive relief.

33. **Class Definitions**. Smith proposes the following Classes:

**The National DNCR Class**
All people in the United States (1) to whom MV Realty initiated more than one telephone solicitation within any 12-month period, (2) to their residential cellular telephone number, (3) while their phone number was listed on the national Do Not Call Registry, (4) in the four years from the filing of this action through the date of class certification.

**The Prerecorded Voice Class**
All people in the United States (1) to whom Defendants initiated one or more calls to their cellular telephone, (2) using a prerecorded voice, (3) in the four years from the filing of this action through the date of class certification.

**The Failure to Identify Class**
All persons in the United States (1) to whom MV Realty initiated more than one telemarketing call or within any 12-month period, (2) to their residential cellular telephone number, (3) without disclosing the name of the individual initiating the calls and the name of the entity on whose behalf the calls were made, (4) four years from the filing of this action through the date of class certification.

**Florida DNCR Class**
All persons throughout the United States (1) to whom Defendant initiated calls to their cellular telephone, (2) while the number was listed on either the Florida Do Not Call List, (3) since July 1, 2021, through the date of class certification.

34. A member of a class may sue as a representative party if the member satisfies Federal Rule of Civil Procedure 23(a)'s four prerequisites: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a).

35. If Rule 23(a) is satisfied, a putative class representative must also show that the class falls into one of three categories under Rule 23(b). Fed. R. Civ. P. 23(b). For a Rule 23(b)(3) class, a plaintiff must make two further showings. First, a plaintiff must show that questions of law or fact common to class members predominate over any questions affecting only individual class members. *Id*. Second, a plaintiff must demonstrate class action is superior to other available methods for adjudicating the controversy.

36. **Numerosity**. A proposed class satisfies the numerosity requirement if class members are so numerous that joinder of all members would be impracticable. Fed. R. Civ. P. 23(a)(1). The numerosity requirement is not tied to any fixed numerical threshold. In general, courts find the numerosity requirement satisfied when a class includes at least forty members. Here, the Classes are so numerous that joinder of all members would be impracticable. The exact size of the Classes and the identity of the members are readily ascertainable from business records and likely number in at least the thousands.

37. **Commonality**. A proposed class satisfies Rule 23's commonality requirement if there is at least one question of fact or law common to the class. Fed. R. Civ. P. 23(a)(2). It is a high standard. The claims must depend upon a common contention such that the determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke. The word

'question' in Rule 23(a)(2) is a misnomer: What matters to class certification is not the raising of common questions but rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation.

38. There are questions of law and fact common to the proposed Classes, including the following:

    i. Did they receive calls from MV Realty?
    ii. Were their numbers registered on the DNCR or Florida DNCR?
    iii. Did the calls leave a prerecorded voice message?
    iv. Did the calls properly disclose the identity of MV Realty? and
    v. Were the calls made for an emergency purpose?

39. **Typicality**. A proposed class representative's claims and defenses must also be typical of the class. Fed. R. Civ. P. 23(a)(3). The Supreme Court has recognized that the commonality and typicality requirements of Rule 23(a) tend to merge. Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose, or the relief sought. Representative claims are typical if they are reasonably coextensive with those of absent class members; they need not be substantially identical.

40. Smith's claims herein are typical of those of the Classes that Smith seeks to represent. Smith's and the Class members' claims arise from the same conduct of MV Realty.

41. **Adequacy of Representation**. The final prerequisite under Rule 23(a) requires that the Court must be satisfied that the representative party will fairly and

adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). This overlaps in practice with the requirement under Rule 23(g) that class counsel must adequately represent the interests of the class. Fed. R. Civ. P. 23(g). The inquiry under Rule 23(a)(4) asks two questions: (1) Does the representative plaintiff and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiff and their counsel prosecute the action vigorously on behalf of the class? Smith is an adequate representative of the Classes because his interests are common with the interests of the Classes, and Smith will fairly and adequately protect the interests of the Classes by pursuing this matter. Smith is represented by counsel competent and experienced in TCPA and class action litigation.

42. **Predominance of Common Questions**. A plaintiff may bring a class action under Rule 23(b)(3) only where questions of law or fact common to the class predominate over questions affecting only individual members. Fed. R. Civ. P. 23(b)(3). If liability can be determined on a class-wide basis, common issues predominate. This is true even if, at the damages stage, there remain non-injured class members and individualized damages calculations are required.

43. **Superiority**. The final determination a court must make to certify a Rule 23(b)(3) class is that class action would be superior to individual actions in fairly and efficiently resolving the claims presented in this matter. Rule 23

enumerates four factors pertinent to determining whether a class action is the superior method of litigation. First, the class members' interests in individually controlling the prosecution or defense of separate actions. Fed. R. Civ. P. 23(b)(3)(A). Second, the extent and nature of any litigation concerning the controversy already begun by or against class members. Fed. R. Civ. P. 23(b)(3)(B). Third, the desirability or undesirability of concentrating the litigation of the claims in the particular forum. Fed. R. Civ. P. 23(b)(3)(C). Finally, the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(D). Where class-wide litigation will reduce litigation costs and promote greater efficiency, a class action may be the superior method of litigation.

44.   In the present suit, the questions of law and fact common to the class members predominate over questions affecting only individual members. A class action is superior to multiple individual suits because it conserves judicial resources, promotes consistency and efficiency of adjudication, and deters illegal activities. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against MV Realty is small because the damages in an individual action for violations of the TCPA are small. Smith is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

45. Managing this case as a class action should have no significant difficulties. Notice to class members can be provided by mail. The law applicable to each putative class member is identical. The facts are too. Ultimately, the basic questions, in this case, are the same for all class members. The common answer to these questions will determine MV Realty's liability. Precedent demonstrates these questions can be litigated on a class-wide basis.

## FIRST CAUSE OF ACTION
### Illegal Solicitation of Persons on the DNCR
### (On Behalf of Smith and the National DNCR Class)

46. MV Realty violated 47 C.F.R. § 64.1200(c)(2) by initiating telephone solicitations to the residential cellular telephones of Smith and members of the National DNCR Class while their phone numbers were on the national DNCR.

47. Smith and members of the National DNCR Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

48. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

49. The court should enjoin MV Realty from initiating telephone solicitations to phone numbers on the DNCR. *Id.*

## SECOND CAUSE OF ACTION
### Illegal Use of a Prerecorded Voice
### (On Behalf of Smith and the Prerecorded Voice Class)

50. Defendants violated 47 C.F.R. § 64.1200(a)(1)-(2) by using a prerecorded voice to contact Smith and members of the Prerecorded Voice Class.

51. Smith and members of the Prerecorded Voice Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3).

52. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

53. The court should enjoin Defendants from using a prerecorded voice absent proper consent or an emergency. *Id.*

## THIRD CAUSE OF ACTION
### Violations of 47 U.S.C. § 227(c) & 47 C.F.R. § 64.1200(d)(4)
### (On Behalf of Smith and the Failure to Identify Class)

54. MV Realty's initiation of calls to Smith, and members of the Failure to Identify Class, constitute a violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)(4).

55. As a result of each violation of 47 C.F.R. § 64.1200(d)(4), Smith and members of the Failure to Identify Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

56. Because the violations were knowing and willful, the Court should award $1,500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B)-(C).

57. Smith and members of the Failure to Identify Class are also entitled to injunctive relief, pursuant to 47 U.S.C. § 227(c)(5)(A), prohibiting MV Realty from making telephone solicitations without identifying the actual name of the person calling and the actual name of the company on whose behalf they are calling.

## FOURTH CAUSE OF ACTION
### Violations of Florida Statutes § 501.059(4)
### (On Behalf of Smith and the Florida DNCR Class)

58. MV Realty's telephone solicitations via call to the cellular telephones of Smith, and members of the Florida DNCR Class, while on the Florida or National Do Not Call Registry constitutes a violation of Florida Statutes § 501.059(4).

59. As a result of the violation of Florida Statutes § 501.059(4), Smith and members of the Florida DNCR Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation, pursuant to Florida Statutes § 501.059(10)(a).

60.     Because the violations were knowing and willful the court should award $1,500.00 in statutory damages for each violation, pursuant to Florida Statutes § 501.059(10)(b).

61.     Smith and members of the Florida DNCR Class are also entitled to and seek injunctive relief prohibiting MV Realty from sending telephone solicitations via call to phone numbers on either the State of Florida Do Not Call Registry or the National Do Not Call Registry.

## RELIEF REQUESTED

62.     Smith respectfully requests the Court grant the following relief against MV Realty:

> A. Certification of the proposed Classes;
> B. Appointment of Smith as class representative;
> C. Appointment of the undersigned as counsel for the Classes;
> D. An order enjoining MV Realty as set forth above;
> E. An award of damages to Smith and the Classes, as allowed by law; and
> F. Orders granting such other relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Smith requests a jury trial as to all claims of the Complaint so triable.

Dated: 7.12.2023                         Respectfully submitted,

/s/ *John Kauffman*
John Kauffman
Florida Bar No. 538205
LawHQ, P.C.
299 S. Main St. #1300
Salt Lake City, UT 84111
385-285-1090
john.kauffman@lawhq.com

*Attorney for Plaintiff*